UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LEONARDO MARULANDA,                      **MEMORANDUM**
                                                    and **ORDER**

         Petitioner,

    - against -                                      05-CV-3406 (TCP)

UNITED STATES OF AMERICA,

         Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PLATT, District Judge

Before the Court is Leonardo Marulanda's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, based on alleged violations of the petitioner's Fifth and Sixth Amendments constitutional rights. For the following reasons, the petition is DENIED.

## BACKGROUND

Petitioner was part of a distribution ring operating in the New York metropolitan area, which involved the supply of cocaine in excess of one thousand (1,000) kilograms. Petitioner was a distributor of cocaine for a distribution network headed by co-conspirator Hernandez-Gonzalez. The government advised that Marulanda used co-conspirators Ivan Ortega and Giovanni Ramirez as "workers" for the storage and distribution of cocaine. The government investigation revealed that, in March 1999, fifty (50) kilograms of cocaine that Ortega and Ramirez were holding for Marulanda were stolen by unknown individuals.

On or about July 7, 1999, petitioner was indicted by a federal grand jury on three counts: (i) Count One charging conspiracy to distribute and possess with intent to distribute a substance containing cocaine, in an amount of five (5) kilograms or more, in violation of Title 21

U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II); Sections 846 and Title 18 U.S.C. § 3551 et seq.; (ii) Count Two charging possession with intent to distribute a substance containing cocaine, in an amount of five (5) kilograms or more, in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii)(II); Title 18 U.S.C. Sections 2 and 3551 et seq.; and (iii) Count Three charging possession with intent to distribute a substance containing cocaine, in an amount of five (5) kilograms or more, in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii)(II); Title 18 U.S.C. Sections 2 and 3551 et seq.

Pursuant to a plea agreement, petitioner plead guilty on October 19, 2001, to Count One of the Indictment, charging a conspiracy to distribute in excess of five (5) kilograms of cocaine. On or about May 3, 2002, the undersigned sentenced petitioner to a prison term of 197 months as to Count One of the Indictment. Marulanda appealed his sentence, which resulted in a remand for the limited purpose of augmenting the record to establish a factual basis for the guilty plea. See United States v. Marulanda, 62 Fed. Appx. 374 (2d Cir. 2003). Subsequently, on June 4, 2004, the Court held hearings in which the record was augmented and the Court found a factual basis for and accepted petitioner's guilty plea. See June 4, 2004 Transcript.

Petitioner now moves this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, on three grounds: (i) his attorney rendered ineffective assistance, (ii) his constitutional rights were violated under Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005); and (iii) the Court violated Fed. R. Crim. P. 11(f) ("Rule 11"). We will address each ground seriatim.

**DISCUSSION**

1.  The ineffective assistance of counsel claim

Petitioner's first ground for relief is that his counsel was ineffective in his preparation for remand proceedings to reinstate the sentence, because his counsel failed to review the government's available evidence of the quantity of narcotics involved in the conspiracy.[1] This contention lacks merit. Petitioner's counsel reviewed and was aware of the government's evidence with respect to the quantity of narcotics involved. For example, the Presentence Investigation Report ("PIR") states that the government's investigation revealed that Marulanda used several co-conspirators as "workers" for the storage and distribution of fifty (50) kilograms of cocaine. (PIR at ¶ 16) The government's evidence was based in part on recorded conversations between several co-conspirators, including Mr. Marulanda. See June 4, 2004 Hearing. Petitioner's counsel reviewed the PIR. See April 22, 2002 Letter from S. Grossman to the Hon. Thomas C. Platt. In fact, petitioner's counsel set forth in the April 22, 2002 letter a chronological description of the events, which indicates that 50 kilograms of cocaine were involved. See April 22, 2002 Letter, noting that "[t]he 50 kilograms of cocaine Mr. Marulanda is responsible for are the same 50 kilograms allegedly stolen from Ivan Ortega's custody."

Furthermore, to the extent that petitioner's ineffective assistance claim is based on his counsel's purported failure to apply the principles set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), such claim must fail because, as more fully discussed below, Apprendi does not apply retroactively to a motion to vacate a sentence pursuant to 28 U.S.C. § 2255. Therefore, petitioner's ineffective assistance of counsel claim may not provide a basis for relief.

---

[1] The Court notes that Petitioner did not raise this ground when he appealed his sentence.

3

## 2. The Apprendi and Booker violation claim

Petitioner's second ground for relief is that this Court violated Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005), which stand for the proposition that any fact increasing the penalty for a crime beyond the "maximum authorized by the facts established by a plea of guilty...must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. The Court finds that petitioner's argument based on Apprendi and Booker is not a proper ground for relief here because these cases do not apply retroactively to initial section 2255 motions for habeas relief, which this motion is. Guzman v. United States, 404 F.3d 139, 141, 144 (2d Cir. 2005); Coleman v. United States, 329 F.3d 77, 90 (2d Cir. 2003).

## 3. The Rule 11 violation claim

Petitioner's third ground for relief rests on his claim that this Court failed to comply with Rule 11(f), which provides that "[n]otwithstanding the acceptance of a plea of guilty, [a] court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Rule 11(f) may be satisfied in several ways, including by the defendant's admission that he has committed each element of the crime charged, by the government or defense counsel's summary of what the evidence against the defendant would show, or by any other factual basis so long as that basis is put on the record. See United States v. Marulanda, 62 Fed. Appx. 374 (2d Cir. 2003). In this vein, petitioner argues that during the plea allocution he never admitted that he committed each element of the crime, nor was the Court advised by defense counsel that petitioner had been properly informed of the nature and elements of the charge to which he was pleading guilty.

4

Petitioner's allegations are untenable. The record from the remand hearing shows that this Court has complied with Rule 11(f)'s requirement and the Second Circuit's directive, when it elicited from the defendant an admission as to each element of the crime, and asked the government to outline the evidence it would prove were the case tried, which the government detailed on the record. See June 4, 2004 Transcript. Nothing further was required of this Court.

**CONCLUSION**

For the reasons stated above, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 must be and is hereby DENIED in all respects.

/s/

Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York

March 29, 2007